# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

IN KOOK CHO, an individual,

    Plaintiff,

v.

METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, a Rhode Island Corporation; DOES I through XV, and ROE Corporations I through X, inclusive,

    Defendants.

Case No. 2:18-cv-01607-APG-CWH

**ORDER REMANDING CASE TO STATE COURT**

Defendant Metropolitan removed this case to federal court. It appears that the amount at issue in this case does not exceed this court's $75,000 jurisdictional threshold. Therefore, I ordered Metropolitan to show cause why this case should not be remanded. Metropolitan filed a response. Nevertheless, there is insufficient evidence to convince me that the amount at issue in this case exceeds $75,000. I therefore remand this case to state court.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Remand is required

if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Broad allegations that the jurisdictional amount is met, "although attempting to recite some 'magical incantation,' neither overcome[ ] the 'strong presumption' against removal jurisdiction, nor satisf[y][the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" $75,000. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (emphasis omitted) (quoting *Gaus*, 980 F.2d at 567); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent.") (internal quotations and citation omitted).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ-WGC, 2013 WL 757621, at *1 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable

extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010) (internal quotations omitted); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense").

Here, there is more than considerable doubt that the amount in controversy exceeds this court's jurisdictional threshold. Plaintiff Cho "recovered $25,000 from the tortfeasor['s insurance] carrier and is alleging $30,888 in past medical expenses, $10,704 in future medical expenses, damages for insurance bad faith and punitive damages." ECF No. 1 at 2:22-25. Because Cho alleges approximately $41,000 in medical expenses and has already recovered $25,000 towards that, he can seek only $16,000 in medical expenses from Metropolitan, plus bad faith and punitive damages.

Metropolitan also relies on Cho's initial settlement demand of the $100,000 policy limit. ECF No10-2 at 5. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Given the low amount of unpaid medical bills, that settlement demand is not a reasonable estimate of the value of Watson's claims. It plainly was inflated for purposes of negotiating a resolution.

Moreover, Metropolitan has offered no facts supporting a claim to punitive damages, let alone in an amount approaching $75,000. The naked allegations in the complaint that Metropolitan's responses to the settlement demands were unreasonable is insufficient to demonstrate any entitlement to punitive damages. But even in the unlikely event that punitive

damages are awarded, it is doubtful they would be enough to bring the case over the $75,000 jurisdictional threshold, given the small amount of unpaid medical bills and Metropolitan's response to the demand.

Based on my judicial, legal, and practical experience and common sense, I find it highly unlikely that the amount in controversy exceeds $75,000. In addition to awarding full recovery of her medical bills, a jury would have to award additional damages in excess of $59,000. The underlying allegations do not suggest such an award. Thus, Metropolitan has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-1062; *Iqbal,* 556 U.S. at 679. Consequently, I remand this action to state court.

IT IS THEREFORE ORDERED that this case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: September 21, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE